IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00289-CV

 

United States Fire Insurance Company,

                                                                      Appellant

 v.

 

Coy Gnade, et al.,

                                                                      Appellees

 

 

 



From the 249th District Court

Johnson County, Texas

Trial Court # C-2001-00430

 



DISSENTING Opinion



 








This case is the poster-child for a much needed
change in the rules of civil procedure. 
The trial court signed a total of 112 pages of findings and conclusions, all submitted by plaintiffs, and
refused to sign any offered by U.S. Fire. 
Why the parties, the trial court, or an appellate court should have to
deal with this level of minutia is beyond me. 
It obscures the issue and makes the appeal much more complex than
necessary.  I do not understand why the
trial court should make any findings other than those that a jury would
make.  This would greatly facilitate the
parties’ ability to brief the relevant issue and our ability to review the
trial court’s judgment.  Now with that
complaint stated, I note that the parties disagree over whether this was a
paper trial, a trial before the bench, a summary judgment or some hybrid of
these procedures.

Finally, as a rule-of-thumb, when you have to go
through the kinds of interpretive contortions to find coverage for Texas and its engineers that is necessary in this
case, chances are that the millions of dollars of coverage for them was not
contemplated by the parties.  This case
is no exception.  I would hold that Texas
and its engineers were not named insureds and that because Dustrol was not
contractually required to provide coverage for Texas and its engineers, U.S.
Fire would not be obligated to provide coverage through the endorsements to the
National Union policy.  Having thus
determined that U.S. Fire is not bound to insure Texas and its engineers through the second endorsement
to the National Union policy, I would hold the trial court erred, reverse and
render a judgment, and it would be unnecessary to reach the remaining
issues.  Accordingly, I dissent.[1]

 

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

 

Dissenting
opinion delivered and filed March 9, 2005

 











[1]
Normally I would spend more time tracing out the details of the policy
provisions as well as the relevant contractual relationship and projects, but
that will only delay the ultimate disposition of this appeal and I will yield to
a more timely response.  See In the Interest of S.A.P., 135 S.W.3d 165, 177-178 (Tex. App.—Waco 2004)
(Gray, C.J., dissenting), rev’d, 2005
Tex. LEXIS 52, *1; 48 Tex. Sup. J. 368 (Tex. Jan. 21, 2005). 








60;                                FRANK G. McDONALD
DO NOT PUBLISH                                                     Chief Justice (Retired)

[Participating: Chief Justice Thomas, Justice Hall, and Chief Justice (Retired) McDonald]